UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-367-CR-FERGUSON

UNITED STATES OF AMERICA,      :
                               :
        Plaintiff,             :
                               :
v.                             :
                               :
MITCHELL HAMMER,               :
                               :
        Defendant.             :
_____/



**UNOPPOSED MOTION REQUESTING MODIFICATION OF
SUPERVISED RELEASE CONDITIONS, CONSISTENT WITH
RECENT DISPOSITIVE ELEVENTH CIRCUIT DECISION,
WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, Mitchell Hammer, proceeding <u>pro se</u>, without objection by the United States, and consistent with a recent Eleventh Circuit dispositive decision, respectfully requests this Honorable Court to grant this motion, modifying the conditions of "Supervised Release," in the instant case, specifically on page 3, paragraph 2, of this Court's <u>Judgment In A Criminal Case</u>, by adjusting Defendant's restitution payment schedule, based upon the following:

1-On February 28, 1997, this Court sentenced Defendant to (a) concurrent sentences of (i) 60 months for conspiracy, in violation of 18 U.S.C. §371, and making false statements in a bankruptcy proceeding, in violation of 18 U.S.C. §152; and (ii) 108 months for money laundering, in violation of 18 U.S.C. §1956; (b) three years of supervised release; and (c) restitution in the amount of $250,000.

2-This Court's <u>Judgment In A Criminal Case</u>, dated February 28, 1997, requires Defendant to comply with various conditions for "Supervised Release", including:

> 2. If this judgment imposes a fine, special assessment, costs, or <u>restitution</u> obligation, it shall be a condition of supervised release that the defendant <u>pay</u> any such fine, assessments, costs, and <u>restitution that remain unpaid at the commencement of the term of supervised release.</u> (emphasis added). (See <u>Judgment In A Criminal Case, Supervised Release</u>, dated 2/28/97, page 3).

3-Though remaining silent at sentencing as to any payment schedule to satisfy the restitution ordered, this Court adopted the factual findings in the Presentence Investigation Report, which demonstrated Defendant was indigent, and had no fungible assets. Defendant contends this Court contemplated a payment schedule would be later set by the U.S. Probation Office, once his term of supervised release commences on May 2, 2005, unless otherwise modified.

4-Defendant has faithfully participated in the Inmate Financial Responsibility ("IFR") program during his nearly 6 years of incarceration, and currently pays thirty-five dollars ($35.00) each month, which is deducted from his top grade prison "performance pay", based upon $.40 per hour.

5-More recently, on March 27, 2002, this Court granted Defendant leave to proceed on appeal from the denial of his §2255 <u>in forma pauperis</u>, finding his condition of indigency unchanged.

6-Meanwhile, the financial picture of Defendant's family is bleak. In January, 2002, Defendant's family was evicted from a rented townhouse in Coral Springs, Florida for non-payment. On October 14, 2002, a public storage company auctioned his family's stored personal belongings and records, because of non-payment. Though Defendant's wife is currently employed, she is compensated

at $9 per hour, before taxes, which is poverty level and hardly sufficient to provide bare necessities for his family's existence, while he remains incarcerated.

7-Nonetheless, Defendant believes that following the completion of his sentence on May 1, 2005, and release from federal custody, he will earn income once again. As such, he is desirous of setting an achievable payment schedule; <u>recognizing</u>, he must also "support his ... dependents and meet other family responsibilities", also an additional condition of supervised release. <u>Id</u>.

8-Without modifying the restitution payment schedule, Defendant will obviously be in default of this Court's conditions of supervised release on the first day of supervised release, because he is unable to pay the approximate outstanding amount of $247,000. Such a default, will then require and consume needless judicial and governmental resources for hearings and/or pleadings to modify the restitution payment schedule.

9-No party is prejudiced by recasting the restitution payment schedule, particularly in light of recent Eleventh Circuit case law.

10-However, this Court's restitution order requiring payment of $250,000 be made prior to the commencement of supervised release, recognizing Defendant's indigency, is violative of the Eleventh Circuit's recent dispositive decision in <u>United States v. Prouty</u>, 303 F.3d 1249 (11th Cir. 2002), which held that a district court may not delegate the judicial function of setting a schedule for a defendant to pay restitution or fines, and may not simply impose restitution due immediately with the

anticipation that the probation office will set a schedule when it stated:

> [S]etting a schedule for a prisoner to pay restitution or fines is a core judicial function ... and ... the district court may not delegate discretion to set the schedule ... Moreover, if the statute does not permit delegation to the probation office, we cannot endorse a restitution order requiring "immediate" payment with an informal understanding that the probation office shall set a repayment schedule. Obviously, the availability of such an option would in practice defeat the statutory requirement that the court establish any installment schedule. Accordingly, we conclude that the district court's restitution order was improper.

11-Defendant proposes that the condition of Supervised Release in the <u>Judgment In A Criminal Case</u> be modified from payable prior to the commencement of supervised release, to read as follows:

> 2. During the period of supervised release, defendant shall remit monthly, the <u>greater of</u>: (a) one hundred dollars ($100.00); or, (b) ten percent (10%) of his gross earnings,
>
>   a. no later than the tenth day of the following month, to the designated U.S. Probation Officer, together with a monthly summary and copies of checks confirming income earned, to support the remitted amount.

12-Rule 32.1(b) "Modification of Probation or Supervised Release" authorizes this Court to modify conditions of supervised release, without a hearing or assistance of counsel, if "the relief to be granted ... is favorable to the person." <u>See</u> <u>Fed.R.Crim.P. 32.1(b)</u>.

   a-In satisfaction of the Rules of Criminal Procedure, prior to filing this motion, Defendant communicated with AUSA Steven Petri, who authorized Defendant to advise this Court that

4

the United States of America has no objection to the (i) proposed revised terms of Defendant's restitution payment schedule delineated herein above, and (ii) proposed Order, submitted herewith, for this Court's consideration.

NOW, THEREFORE, consistent with the Federal Rules of Criminal Procedure, the recent 11th Circuit Prouty decision, and no objection by the United States of America, Defendant respectfully requests this Honorable Court to grant the instant motion and modify the conditions of Supervised Release, specifically the payment schedule necessary for Defendant to satisfy this Court's ordered restitution amount. Further, with no objection by the United States of America, Defendant hereby submits the unopposed, proposed **ORDER MODIFYING CONDITIONS OF SUPERVISED RELEASE** for this Court's consideration.

Respectfully submitted,

Dated: February 24, 2003

*Mitchell Hammer*
Defendant: Mitchell Hammer, pro se
Reg. No. 48828-004
Federal Prison Camp
P.O. Box 779800
Miami, FL. 33177-0200

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been deposited into the Bureau of Prisons' "mailbox" this 24th day of February, 2003, with sufficient prepaid postage for first class mail, addressed to: AUSA Steven Petri, United States Attorney's Office, 500 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL. 33394.

*Mitchell Hammer*
Defendant: Mitchell Hammer, pro se

5